IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Byron K. Perkins, | ) | |
| | ) | Civil Action No.: 2:20-cv-03491-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| Bryan K. Dobbs, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed in March 2021. (ECF No. 7.) The Report recommends that the court dismiss without prejudice Plaintiff Byron K. Perkins' Petition for a Writ of Habeas Corpus (ECF No. 1) based on a lack of subject matter jurisdiction, and without requiring the above-captioned Defendant to file a return. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 7) and incorporates it herein, and **DISMISSES** without prejudice Plaintiff's Petition for a Writ of Habeas Corpus (ECF No. 1).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 7.) As brief background, in November 2005, Plaintiff pled guilty to possessing marijuana with the intent to distribute it, illegally possessing a firearm, robbery, and carrying a firearm during a drug trafficking crime.[1] (*Id.* at 1-2.) Before sentencing, Plaintiff was temporarily released to "complete the necessary medical testing to donate a kidney to his son." (*Id.* at 2.) He instead fled to Mexico, where U.S. Marshals later arrested him. (*Id.*)

---

[1] The Government later dismissed the charge for illegally possessing a firearm. (ECF No. 7 at 2.)

1

Plaintiff was ultimately sentenced to 510 months of imprisonment. (*Id.*) Since then, Plaintiff has filed numerous Motions seeking relief from his sentence. (*Id.* at 2-5.) Plaintiff now seeks habeas relief under to 28 U.S.C. § 2241, claiming (1) his conviction and sentence are unconstitutional based upon *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and (2) defense counsel was ineffective in assisting with sentencing. (ECF No. 7 at 5-6.)

The Magistrate Judge issued the Report in March 2021. (*Id.* at 13.) In a thorough and well-reasoned analysis, the Magistrate Judge determined the court lacked subject matter jurisdiction over the pending matters. (*Id.* at 12.) Specifically, the Magistrate Judge observed Plaintiff's Petition, which was brought under § 2241, could survive only if Plaintiff first showed the "remedy by [a § 2255] motion is inadequate or ineffective[.]" (*Id.* at 7.) For relief to be "inadequate or ineffective" under § 2255 (also known as the "savings clause"), the Magistrate Judge explained that Plaintiff was required to show:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

(*Id.* (citing *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)).) The Magistrate Judge observed that, after *Jones*, the Fourth Circuit delineated similar criteria to review if a § 2255 motion would be inadequate or ineffective:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

(ECF No. 7 at 7-8 (citing *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018)).)

2

The Magistrate Judge first observed that Plaintiff's contentions regarding the applicability of *Rehaif* clearly "fail[ed] for several reasons," because Plaintiff's "§ 924(c)(1)(A) conviction did not stem from or relate to his charge under § 922(g)(1)"; "*Rehaif* has no bearing on the constitutionality of his conviction under § 924(c)(1)(A)"; and Plaintiff "was never actually convicted under 18 U.S.C. §§ 922(g)(1), 924(a)(2), [thus making] the ruling in *Rehaif* . . . inapplicable[.]" (*Id.* at 9-10.)

Second, the Magistrate Judge turned to Plaintiff's ineffective assistance claims. The Magistrate Judge pointed out these claims "could have, and should have, been raised in any one of [Plaintiff's] earlier habeas motions before the trial court . . . . Thus, without more, [Plaintiff's] allegations regarding his attorney's failure to effectively contest his career offender designation are insufficient to trigger the savings clause as contemplated by *Wheeler*." (*Id.* at 10-11.) The Magistrate Judge continued that, regardless, Plaintiff's "allegations regarding his career offender status [were] insufficient to invoke the savings clause." (*Id.* at 12.) The Magistrate Judge ultimately recommended dismissing the action without prejudice. (*Id.*) Neither party has filed objections to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's

3

Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Here, neither party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings of the Report and concludes the Petition must be dismissed due to a lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) (dismissing §

4

2241 petition without prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits" (citation omitted)).

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 7) and incorporates it herein, and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 30, 2021
Columbia, South Carolina